UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JOHNSON,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>SECRETARY OF CORRECTIONS,<br><br>　　　　　Respondent. | No. 1:17-cv-00919-SKO HC<br><br>**ORDER DISMISSING PETITION AS SECOND OR SUCCESSIVE** |

### Screening Order

Petitioner Eric Johnson is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The petition alleges four claims for habeas relief arising from Petitioner's 2013 trial on a charge of indecent exposure (Cal. Penal Code § 314.1). Because Petitioner has filed a previous habeas petition concerning the same conviction, the Court is required to dismiss the petition as secondary or successive.

### I. Procedural and Factual Background

Following a bench trial in Kings County Superior Court, Petitioner was convicted of indecent exposure (Cal. Penal Code § 314.1) and sentenced to an additional eight months in prison, after completion of the term Petitioner was then serving. Petitioner unsuccessfully sought habeas relief in California state courts, exhausting his claims. On November 23, 2015, Petitioner filed a federal habeas petition, alleging (1) ineffective assistance of appellate attorney; (2)

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

insufficient evidence; (3) erroneous judicial construction of the elements of California Penal Code § 314.1; and (4) violation of due process. *Johnson v. Secretary of Corrections* (1:15-cv-01771-JLT HC), Doc. 1. On September 27, 2016, this Court denied the petition with prejudice. *Johnson v. Secretary of Corrections* (1:15-cv-01771-JLT HC), Doc. 19.

Petitioner filed the above-captioned petition on July 12, 2017. The petition alleges (1) ineffective assistance of appellate attorney; (2) insufficient evidence; (3) erroneous judicial construction of the elements of California Penal Code § 314.1; and (4) violations of due process and equal protection.

## II.     Preliminary Screening

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## III.    No District Court Jurisdiction Over a Second or Successive Petition

As is apparent from the procedural and factual background above, the petition seeks habeas relief based on the same claims that Petitioner alleged in the 2015 petition. Accordingly, it is a second or successive petition.

The circuit court of appeals, not the district court, must decide whether a second or successive petition satisfies the statutory requirements to proceed. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). This means that a petitioner may not file a second or successive petition in district court until he has obtained leave from the court of appeals. *Felker v. Turpin*, 518 U.S. 651, 656-57 (1996). In the absence of an order from the appropriate circuit court, a district court lacks jurisdiction over the petition and must dismiss the second or successive

petition. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997). Because Petitioner has not obtained leave from the Ninth Circuit Court of Appeals to file the above-captioned petition, the Court must dismiss it for lack of jurisdiction.

**III.     Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B)  the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that the petition is a second or successive petition to be debatable or wrong, or conclude that the issues presented required further adjudication. Accordingly, the Court should decline to issue a certificate of appealability.

## IV. Conclusion and Order

The petition for writ of habeas corpus is hereby DISMISSED as second or successive. The Court declines to issue a certificate of appealability. Despite the denial of a certificate of appealability, the dismissal is without prejudice to Petitioner's seeking leave to file a second or successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A).

IT IS SO ORDERED.

Dated: **August 3, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE